UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT DAVIS,<br><br>            Plaintiff,<br><br>     v.<br><br>C/O T. C. JOHNSON, et al.,<br><br>            Defendants.<br> | CASE NO. 1:05-CV-00368-AWI-LJO-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.   Screening Order

   A.   Screening Requirement

Plaintiff Herbert Davis ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 21, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Although plaintiff is no longer incarcerated, he was a prisoner when he filed this action.

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467
4    U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
5    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
6    standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
7    Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
8    favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395
9    U.S. 411, 421 (1969).

10   B.   Plaintiff's Claims

11   The events at issue in the instant action allegedly occurred at the California Correctional
12   Institution (CCI) in Tehachapi, where plaintiff was incarcerated at the time.  Plaintiff names
13   Correctional Officer T. C. Johnson and Lieutenant J. Gentry as defendants.  Plaintiff is seeking
14   money damages.

15   In his complaint plaintiff alleges that upon his arrival at CCI, he was housed in reception.
16   Plaintiff alleges that on some days, he had to stay in his cell for 22 ½ to 23 ½ hours a day while
17   awaiting clearance to transfer to general population. Plaintiff alleges that upon arrival, he was issued
18   two sheets, one pillow case, two towels, one blanket, two pairs of undershorts, two pairs of socks,
19   and two undershirts.  Plaintiff alleges that after a week, he asked defendant Johnson if he could
20   receive a laundry exchange.  Plaintiff was told to wait and when he again inquired three to four days
21   later, he was told by defendant Johnson that reception inmates do not receive laundry exchange.
22   Plaintiff alleges that he went thirty-four days with the same laundry and was only issued a half bar
23   of soap a week.  Plaintiff alleges that as a result of his inability to keep himself clean, he ended up
24   with a rash that required medical treatment.

25   1.   Eighth Amendment Conditions-of-Confinement Claim

26   To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
27   conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452
28   U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must

provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Farmer, 511 U.S. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

The allegations that plaintiff spent 22 ½ to 23 ½ hours a day in his cell on some days, did not receive laundry exchange for thirty-four days, and received only a half bar of soap per week are not

deprivations "sufficiently grave to form the basis of an Eighth Amendment violation." Id. Further, plaintiff has not alleged any facts that would support a claim that defendant Johnson "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Accordingly, plaintiff fails to state a claim upon which relief may be granted under section 1983 against defendant Johnson for violating the Eighth Amendment.

### 2. Claim Against Defendant Gentry

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Because plaintiff has failed to link defendant Gentry with any affirmative act or omission, plaintiff fails to state any claims against defendant Gentry.

In the event that plaintiff named Lt. Gentry as a defendant because he was defendant Johnson's supervisor, plaintiff is informed that liability may not be imposed on supervisory personnel under section 1983 for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between her and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must

allege some facts indicating that defendant Gentry either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

      C.    Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2.  The Clerk's Office shall send plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.  If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   September 26, 2005**                             /s/ Lawrence J. O'Neill
b9ed48                                                      UNITED STATES MAGISTRATE JUDGE